UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD GUILLAUME, and <br> ERTA COMPERE <br>                 Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, and <br> FEDERAL HOME LOAN MORTGAGE <br> CORPORATION, <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 12-cv-12176-NMG <br> ) <br> ) <br> ) <br> ) <br> ) |

**WELLS FARGO HOME MORTGAGE'S MOTION TO COMPEL**
**(Memorandum of Reasons Incorporated)**

Comes now the Defendant, Wells Fargo Home Mortgage ("Wells Fargo") by and through counsel, and hereby moves, under Rules 34 and 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, to compel Plaintiffs Richard Guillaume and Erta Compere ("Plaintiffs") to fully respond to Wells Fargo's First Request for Production of Documents. Wells Fargo has provided Plaintiffs with various extensions and opportunities to produce the requested documents. Plaintiffs have either repeatedly ignored Wells Fargo's specific requests or provided incomplete responses. Prior to filing this motion, Wells Fargo's counsel made a good faith attempt to resolve the issues raised in this motion. See Ex. A, *November 28, 2012 Letter*. Plaintiffs' counsel, however, failed to respond to the request. For the reasons set forth herein, this Court should grant Wells Fargo's motion and compel Plaintiffs to provide responsive documents.

    1.    Wells Fargo served its First Set of Requests For Production on December 12, 2011. See Exhibit B – *Defendant's First Request for Production of Documents*.

2.      As Wells Fargo's discovery was served under the Massachusetts Rules of Civil Procedure, Plaintiffs' document request responses and production were due 45 days after service.  See Mass. R. Civ. P. 34.  Accordingly, Plaintiffs' responses and production were due to Wells Fargo on January 26, 2012.

3.      Plaintiffs failed to respond within the applicable time-frame. On February 7, 2012, Wells Fargo served Plaintiffs under Superior Court Rule 9A with its motion to compel discovery responses. See Ex. C., *Served 9A Letter Regarding Motion to Compel.*

4.      On February 22, 2012, Plaintiffs responded to Wells Fargo's First Set of Requests for Production of Documents. See Ex. D, *Plaintiffs' Discovery Responses*.

5.      After examining Plaintiffs' discovery responses, on June 25, 2012, Wells Fargo sought from Plaintiffs supplementary responses due to their nonresponsive and evasive answers.  See Ex E, *June 25, 2012 Letter*.

6.      Wells Fargo again sought to resolve Plaintiffs' outstanding discovery issues by way of a letter dated August 15, 2012.  See Ex. F. *August 15, 2012 Letter*. Wells Fargo requested that Plaintiffs adequately address the discovery issues by September 1, 2012.

7.      In response to Wells Fargo's letter, Plaintiffs' counsel stated: "I have made arrangements to meet with the Parties over the weekend prior to Labor Day where we will in fact, Supplement the List of Documents and Responses to Interrogatories. I should have them completed not by the 1st, but by the 4th, and will e-mail or send them off to you . . ." See Ex. G, *Plaintiffs' Counsel's Letter*.  Plaintiffs then supplemented their responses; however, these responses were still inadequate, nonresponsive, and evasive.

8.      Defendant Federal Home Loan Mortgage Corporation then removed this matter to this Court on November 21, 2012. See Docket No. 1.

2

9. Wells Fargo again sought specific documents from Plaintiffs. See Ex. A. In fact, Wells Fargo provided explicit references to bank account numbers and previously produced documents to aid Plaintiffs in the production. Id. In this letter, Wells Fargo also formally requested conferral on Plaintiffs' failure to respond to discovery pursuant to Local Rule 37.1.

10. Plaintiffs, however, remained unresponsive to Wells Fargo's attempt to resolve this discovery dispute without court involvement.

11. As of the date of filing this motion, Plaintiffs have not provided the specifically requested documents outlined in Wells Fargo's November 28, 2012 letter that are responsive to Wells Fargo's December 2011 document requests.

12. Wells Fargo has been patient with Plaintiffs and has worked with their counsel in an effort to avoid the Court's intervention in this discovery dispute. Despite Wells Fargo's efforts and patience over the past year, Plaintiffs have not fully responded to Wells Fargo's discovery requests and Wells Fargo has not been given a firm date when it can expect to receive the documents it needs to defend itself in this litigation. Wells Fargo has been left with little choice but to file this motion.

WHEREFORE, Wells Fargo respectfully requests that this Court:

1) compel Plaintiffs to respond to Wells Fargo's document requests, outlined in Wells Fargo's November 28, 2012 letter, within seven (7) days; and

2) award Wells Fargo any other further or different relief this Court deems just and appropriate under the circumstances.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

Wells Fargo's undersigned counsel certifies that he has in good faith attempted to narrow the scope of this discovery dispute through several conferences with and letters to opposing counsel, but that said efforts were unsuccessful. The undersigned counsel therefore certifies that he has met the requirements of Local Rules 7.1 and 37.1.

    Respectfully submitted,

    Wells Fargo Bank, N.A,
    by its attorneys,

    */s/ Morgan Nickerson*
    Morgan T. Nickerson (BBO# 667290)
    Morgan.nickerson@nelsonmullins.com
    Nelson Mullins Riley & Scarborough LLP
    One Post Office Square, 30th Floor
    Boston, Massachusetts 02109
    p.  (617) 573-4700
    f.  (617) 573-4710

Dated: December 12, 2012

**CERTIFICATE OF SERVICE**

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: December 12, 2012        */s/ Morgan T. Nickerson*