United States District Court
District of Massachusetts

|  |  |
|---|---|
| RICHARD GUILLAUME, ERTA COMPERE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 12-12176-NMG |
| WELLS FARGO HOME MORTGAGE CORP., ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In response to what they perceived as an unjust and fraudulently induced foreclosure of their residential property, Plaintiffs Richard Guillaume ("Guillaume") and Erta Compere ("Compere") (collectively, "plaintiffs") brought suit in Massachusetts state court against Wells Fargo Home Mortgage ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "defendants"). Defendants promptly removed the case to this Court and, after discovery, separately move for summary judgment. For the reasons that follow, the Court will allow both motions.

I.  **Factual Background and Procedural History**

In October, 2006, plaintiffs purchased a residential property in Medford, Massachusetts, financed by a loan of

$332,000 from Wells Fargo to Guillaume only and secured by a mortgage.  The parties agreed that Compere would make the monthly payments.

On the eve of closing, Compere physically inspected the property and discovered numerous defects, including broken windows, standing water and a broken heating system.  The property was uninhabitable and plaintiffs financed substantial repairs before Compere was able to move in three months later.  Thereafter, Compere continued to make improvements on the property.  She personally paid approximately $115,000 for renovations and borrowed approximately $30,000 from a relative to do so.  Although the completion date of those renovations is unclear from the record, it was sometime in 2009.  Because Compere failed to make timely payments on the mortgage loan, it went into default in March or April, 2009.

In April, 2009, Wells Fargo sent an "offer to be considered for a loan modification" to Guillaume which he signed and returned to Wells Fargo.  The offer required three monthly trial payments of $1,622 but noted that the amount was only an "estimate" of the monthly payment under the terms of the modified loan.  It also indicated that Wells Fargo would

> determine the new payment amount [after determining] final amounts of unpaid interest and any other delinquent amounts.

In February, 2010, Wells Fargo sent plaintiffs a formal offer for a permanent loan modification which, despite the principal having increased from $332,000 to $362,547 due to plaintiffs' default, reduced the original monthly payment from $2,071 to $2,024 and the interest rate from 6.375% to 4.875%. Although Guillaume did not see Wells Fargo's written offer, Compere rejected it, apparently believing it did not sufficiently reduce the monthly payments. Plaintiffs concede that the fact that Guillaume did not see the written offer has "no bearing on the matter."

In June, 2011, Wells Fargo purchased the property at a public foreclosure auction it had initiated. Wells Fargo subsequently assigned its ownership rights to Freddie Mac. Because plaintiffs refused to vacate the premises, Freddie Mac brought a summary process action in the Somerville Division of the Massachusetts District Court Department. Plaintiffs eventually reached an agreement for judgment in favor of Freddie Mac in February, 2012.

In the interim, plaintiffs filed the subject action against defendants in Middlesex County Superior Court in October, 2011, asserting claims of fraudulent misrepresentation, unfair trade practices and injunctive relief. Presumably, after a protracted but unsuccessful effort to settle, defendants removed the case to this Court in November, 2012.

In September, 2013, both defendants separately moved for summary judgment on plaintiffs' claims. Plaintiffs opposed Wells Fargo's motion but dismissed their claim for injunctive relief and failed to oppose Freddie Mac's motion.[1]

**II. Defendants' Motion for Summary Judgment**

The gravamen of plaintiffs' complaint is that Wells Fargo "promised" them a loan modification with a substantially lower monthly payment but then reneged on its promise and offered only a minimal reduction in the monthly payment.

In its motion for summary judgment, Wells Fargo argues that the undisputed facts in this case demonstrate not only that it did not fraudulently misrepresent the offer of a loan modification to plaintiffs but that plaintiffs rejected the permanent loan modification it did offer. In the alternative, Wells Fargo asserts that plaintiffs' claims should be rejected under the doctrine of equitable estoppel because of misrepresentations in their loan applications.

    A. **Summary Judgment Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.,

---

[1] Accordingly, Freddie Mac's motion for summary judgment will be allowed and plaintiffs' claims against it will be dismissed.

-4-

895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to provide specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B. Application**

To prevail on a claim of fraudulent misrepresentation, plaintiffs must establish

> that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage.

Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 458 (2002) (quotations and citations omitted).

Based on the record at summary judgment, the Court finds that Wells Fargo is entitled to judgment as a matter of law on plaintiffs' allegation of fraudulent misrepresentation.

Plaintiffs could not have relied on Wells Fargo's representations in deciding to make repairs and improvements to the property because those repairs were substantially complete before Wells Fargo made its initial loan modification offer in April, 2009. As Wells Fargo argues, a party cannot be found to have relied on a representation that was made after it took the subject action. See Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 19 (1st Cir. 2000).

Moreover, to the extent the timeline in this case is susceptible of multiple interpretations, the Court finds that Wells Fargo did not make a misrepresentation to plaintiffs. While it is perhaps understandable that plaintiffs were under

the impression that their monthly payment would be reduced to $1,622, that misconception is dispelled by the express language of the initial loan modification offer and the clear precedent of the First Circuit Court of Appeals.

In a case analyzing an agreement nearly identical to the Loan Trial Period agreement in this case, the First Circuit emphasized that the agreement

> unambiguously distinguishes between the payments [the borrower] agreed to make under the trial period plan and the payments she would ultimately owe under the permanently modified loan terms.

Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 232 (1st Cir. 2013). Those differences drew "a crystalline distinction" between the trial payment and the amount under the permanent modification. Id. Here, the initial offer to be considered for a loan modification contained substantially similar language, belying plaintiffs' claim that they were "promised" a loan modification of a certain amount.

In response, plaintiffs cite their own deposition testimony in which they indicate that Wells Fargo "promised" them they would receive a permanent loan modification to monthly payments of around $1,600. Although the Court must draw all reasonable inferences in favor of plaintiffs at this juncture, testimony based on a misunderstanding directly contradicted by documents in evidence cannot resuscitate plaintiff's case.

Moreover, even assuming, contrary to the evidence, that Wells Fargo promised a loan modification, plaintiffs <u>did</u> receive an offer for a permanent loan modification. Indeed, despite their default and the resulting higher principal amount, the loan modification would have reduced their monthly payments by approximately $50 per month and their interest rate substantially. That plaintiffs would have preferred a lower monthly payment is of no consequence.[2]

Accordingly, plaintiffs' claims for fraudulent misrepresentation will be dismissed.

The Court will also dismiss plaintiffs' Chapter 93A claim because it is based entirely on the discredited claim of fraudulent misrepresentation against Wells Fargo. See <u>Sonoran Scanners, Inc.</u> v. <u>PerkinElmer, Inc.</u>, 590 F. Supp. 2d 196, 212 (D. Mass. 2008), <u>reversed in part on unrelated grounds</u>, 585 F.2d 535 (1st Cir. 2009).

---

[2] In light of its conclusion, the Court need not reach Wells Fargo's argument with respect to equitable estoppel.

## ORDER

For the foregoing reasons, the motions for summary judgment of defendant Freddie Mac (Docket No. 41) and defendant Wells Fargo (Docket No. 44) are **ALLOWED** and the actions against them are **DISMISSED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton  
                                          Nathaniel M. Gorton  
                                          United States District Judge

Dated May 30, 2014